# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# EVANSVILLE DIVISION

| | |
|---|---|
| CARLA JONES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | ) CAUSE NO. 3:15-cv-80 |
| | ) |
| SCHNUCK MARKETS INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Carla Jones ("Jones"), by counsel, brings this action against Defendant, Schnuck Markets Inc. ("Defendant") alleging violations of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

### II. PARTIES

2. Jones is a resident of Vanderburgh County, in the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

6. Jones was an "employee" of Defendant within the meaning of 42 U.S.C. § 2000e(f).

7. Jones satisfied the obligation to exhaust administrative remedies having timely filed Charge of Discrimination No. 24C-2013-00054 with the U.S. Equal Employment Opportunity Commission against Defendant alleging race discrimination. Jones files this action within ninety (90) days of receipt of the Notice of Right to Sue in this matter.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Jones is a Caucasian woman who at all times relevant to this lawsuit was the mother of African-American children and married to an African-American man.

10. Jones was hired by Defendant to work as a retail employee at its Evansville, Indiana grocery stores on or about May 7, 2004.

11. Beginning in or about 2005, Jones was subjected to unwelcome comments and conduct regarding African-Americans in the course of her employment that were so racially offensive that they unreasonably interfered with Jones' work performance and created an intimidating, hostile, or offensive work environment.

12. Defendant was aware of the racially offensive comments and conduct but failed to take effective remedial action.

13. On or about January 23, 2013, Jones complained to Defendant about the unwelcome racist comments and conduct that she was subjected to in the course of her employment.

14. Defendant again failed to take effective remedial action; therefore, Jones filed EEOC Charge 24C-2013-00054 against Defendant. Jones specifically identified coworker Chris Coe as subjecting her to racist comments and slurs in the workplace.

15. In response to the EEOC Charge, Defendant informed Chris Coe of the EEOC Charge, Chris Coe intensified his harassment of Jones, Defendant refused to take any effective remedial action against Coe, and Defendant subjected Jones to less favorable terms, conditions and privileges of employment.

16. Jones filed EEOC Charge 24C-2013-00111 against Defendant on July 22, 2013 alleging that Defendant retaliated against her for filing the prior EEOC Charge of Discrimination by subjecting her to a hostile work environment and terminating her employment on July 18, 2013. Jones has requested that the EEOC issue a Notice of Right to Sue on Charge 24C-2013-00111.

17. Similarly situated employees who did not engage in protected activities received more favorable terms, conditions and privileges of employment under the same or similar circumstances.

## V. CAUSES OF ACTION

### COUNT I: RACE DISCRIMINATION

18. Jones hereby incorporates paragraphs one (1) through seventeen (17) of this Complaint as if the same were set forth at length herein.

19. Jones was subjected to racially offensive comments and conduct in the course of her employment that unreasonably interfered with Jones' work performance and created an intimidating, hostile, or offensive work environment.

20. Defendant was aware of but failed to take effective remedial action against

racially offensive comments and conduct that Jones was subjected to in the course of her employment with Defendant.

21. Defendant subjected Jones to discrimination and a hostile work environment on the basis of race.

22. Defendant has willfully and intentionally discriminated against Jones on the basis of race in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

23. Jones has been damaged by Defendant's actions.

## COUNT II: RETALIATION

24. Jones hereby incorporates paragraphs one (1) through twenty-three (23) of this Complaint as if the same were set forth at length herein.

25. Defendant subjected Jones to a hostile work environment and adverse employment action in retaliation against Jones for engaging in activities protected by Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

26. Defendant willfully and intentionally retaliated against Jones in violation of Jones' rights as protected by Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

27. Jones has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Carla Jones, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Jones to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Jones of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of Title VII and 42 U.S.C. §1981;

5. Punitive damages for Defendant's violations of Title VII and 42 U.S.C. §1981;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER & DUTKANYCH, PLLC

By: /s/Roy W. Harris Jr._____
Roy W. Harris Jr., Atty. No. 27144-82
100 W. Big Beaver Rd., Ste. 200
Troy, MI 48084
Telephone:   (248) 524-0336
Facsimile:   (812) 424-1005
Email: rharris@bdlegal.com

Attorneys for Plaintiff, Carla Jones

-6-

## **DEMAND FOR JURY TRIAL**

Plaintiff, Carla Jones, by counsel, requests a trial by jury on all issues deemed so triable.

    Respectfully submitted,

    BIESECKER & DUTKANYCH, PLLC

    By: /s/Roy W. Harris Jr._____
    Roy W. Harris Jr., Atty. No. 27144-82
    100 W. Big Beaver Rd., Ste. 200
    Troy, MI 48084
    Telephone:    (248) 524-0336
    Facsimile:    (812) 424-1005
    Email: rharris@bdlegal.com


    Attorneys for Plaintiff, Carla Jones